

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Davis, M. D.
State Registrar
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-3848
Re: Effect of H. B. 624,
Forty-seventh Legislature,
upon H. B. 974, Forty-
seventh Legislature, and
vice versa.

We have for acknowledgement your letter of August 4, 1941, which reads as follows:

"I take from photostatic copies furnished me by the Secretary of State the following dates and facts with reference to H. B. 624 and H. B. 974:

|  | H.B. 624 | H.B. 974 |
|---|---|---|
| Passed by House | 4-24-41 | 6-17-41 |
| Passed by Senate | 6-12-41 | 6-12-41 |
| Approved by Governor | 6-17-41 | 7- 2-41 |
| Effective | 10- 1-41 | 7- 2-41 |

"Both of these Bills repeat Section 16, but neither of the Bills carry the amendment found in the other Bill.

"What effect will the passage of one Bill have on the other?  By omitting from that Bill the other amendment will both amendments be effective, or does the passage of one Bill without repeating the other amendment nullify it?"

An amendatory act that recasts the language of an existing statute operates ordinarily to repeal any omitted

238

provisions of the original. 39 Tex. Jur. Page 147. In such instance, the repeal is by implication, coming about from the substitution of the amendatory act for the original. Ordinarily, in order to determine the question of implied repeals, it is necessary, at the outset, to discover which of two laws involved represents the last expression of the legislative will. In view of the peculiar circumstances involved in the present instance, however, we find it unnecessary to determine the question as to which of the two laws involved is the last expression of the legislative will. As we view the situation, regardless of which, if either act, may be regarded as the last expression of the legislative will, the change in the law made by the other act is not thereby repealed.

The caption of H. B. 624, Forty-seventh Legislature, reads as follows:

"An Act Amending Section 18, of S. B. No. 46, Chapter 41, Page 116, Acts of the Fortieth Legislature, First Call Session, as amended by Section 2 of H. B. No. 614, Chapter 2, Page 346, General Laws of the Forty-sixth Legislature, to provide for uniform fees to be charged for the issuance of delayed birth and death certificates by the probate court, the clerk thereof and the state registrar; and declaring an emergency."

The caption of H. B. 974, Forty-seventh Legislature, reads as follows:

"An Act to Amend Section 18, Chapter 41, Acts of the Fortieth Legislature, First Call Session, as amended by Section 2 of H. B. No. 614, Acts of the Regular Session of the Forty-sixth Legislature, to provide that any citizen of Texas wishing to file the record of any birth or death occurring inside the State of Texas, not previously registered, may submit such record to the probate court in the county where such birth or death occurred, and to provide that any citizen of the State of Texas wishing to file the record of any birth or death occurring outside of the State of Texas not previously registered may submit such record to the probate court in the county where he resides; and declaring an emergency."

Honorable W. A. Davis, M. D., Page 3

The Constitution of the State of Texas requires that every bill contain but a single subject, and that that subject shall be expressed in a caption to the bill. Constitution, Article 3, Section 35. A necessary consequence of the application of this Constitutional provision is that the body of the bill must conform to the caption, and that provisions contained in the body of the bill which are not supported by the caption are ineffective.

"In addition to the statement of a purpose to amend a given law or provision, a title may specify the nature of the amendment, and when it does so the body of the act must conform. A title that . . . states a purpose to make a certain change in the prior law, . . . limits the amendatory act to the making of the change designated and precludes any additional, contrary or different amendment. . . . The amendatory act is void to the extent that its provisions go beyond express limitations of the scope of the title." 39 Tex. Jur. Pages 103-105; Lone Star Gas Co. v. Birdwell (C.C.A.) 74 S.W. (2d) 294; Ward Cattle and Pasture Company v. Carpenter (Tex.) 200 S.W. 521.

The caption of each of the bills under consideration herein expresses the thought, clearly and unequivocally, that the act referred to in the caption is to be amended in a single specified particular. In H. B. 624, the caption states that the amendment will "provide for uniform fees to be charged for the issuance of delayed birth and death certificates by the probate court, the clerk thereof and the state registrar. . ." In H.B. 974, the caption states that the amendment will "provide that any citizen of Texas wishing to file the record of any birth or death" occurring inside or outside of Texas not previously registered may submit such record to the probate court in the county where the birth or death occurred, or in case birth or death outside of Texas, to the probate court of the county where the person resides.

Both of these bills repeat the section of the act amended as it read prior to the amendment thereof by either of these bills, adding thereto, in each instance, the change announced in the caption, but neither of the bills under discussion brings forward the amendment made by the other bill.

Honorable W. A. Davis, M. D., Page 4

        In such circumstances, the failure of either bill
to bring forward the amendment incorporated by the other
does not work an implied repeal of that amendment, for
the caption of each bill tied these respective bills to a
single change, and did not give notice that any other change
would be effected by the body of the bill. Consequently
any change in the existing law made by the particular bill,
other than that stipulated in the caption, is ineffective.

                        Yours very truly

                    ATTORNEY GENERAL OF TEXAS

                By      Richard W. Fairchild

                        Richard W. Fairchild
                            Assistant

RWF:fs

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN

            APPROVED AUG 18, 1941

            acting    ATTORNEY GENERAL OF TEXAS